# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CHAMARQUS WINSTON** | § | |
| **Bastrop #44792** | § | |
| | § | |
| **V.** | § | **A-25-CV-01485-RP** |
| | § | |
| **SHERIFF COOK, et al.** | § | |

## ORDER

Before the Court are Plaintiff Chamarqus Winston's complaint (ECF #1) and response to the Court's order to show cause (ECF #7). The Court granted Plaintiff leave to proceed *in forma pauperis* (ECF #8). For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Bastrop County Jail. Public records indicate, on August 12, 2025, Plaintiff was indicted for unlawful possession of a firearm by felon - enhanced. The crime allegedly was committed on May 2, 2025.

Plaintiff's complaint is not related to his current criminal charge. Instead, Plaintiff alleges he was the victim of a home invasion on February 5, 2023. Plaintiff states he was stabbed 17 times. According to Plaintiff, his aunt called 911 after she heard him screaming and found him tied up and bleeding. Bastrop County Sheriff's Deputy Davis was allegedly the first responder to arrive on scene. Plaintiff complains Davis did not untie or help him. Instead, Plaintiff claims Davis stepped over him and started searching Plaintiff's home. According to Plaintiff, paramedics arrived and placed him in a body bag until a female paramedic found his pulse.

Plaintiff asserts investigators came to the hospital but refused to investigate because Plaintiff would not give up the passwords to his cell phone, which was found in the garbage at a gas station in San Antonio. Plaintiff also asserts he denied the cell phone was his and claimed he could not identify the person on video footage throwing the phone in the garbage. According to Plaintiff, a search warrant was obtained to search his property for narcotics and other incriminating evidence, but none was found. Investigators allegedly assumed the attack was "cartel style" and retaliatory and relayed that to Plaintiff's family. Because Plaintiff refused to provide passwords to the phone, investigators allegedly told Plaintiff they would not continue with the investigation.

Plaintiff seeks $750,000 for pain, suffering, and neglect. He seeks the return of unspecified belongings he claims were seized on February 5, 2023.

After reviewing Plaintiff's complaint, the Court ordered Plaintiff to show cause why his complaint should not be dismissed as time barred. Plaintiff complains of events that occurred in February 2023, but he did not execute his complaint until September 1, 2025, after the limitations period expired.

Plaintiff seeks an extension of the two-year limitations period. Plaintiff responds his injuries left him paralyzed from his neck down for many months. He states he could look around and speak but was incapable of anything else without assistance. He asserts the attack took a heavy toll on his mental health. He claims he was terrified and paranoid. According to Plaintiff, he made numerous calls to the Sheriff's Office and detectives assigned to the case to no avail. He asserts he finally gave up calling.

Plaintiff maintains, after the limitations period had run, Bastrop County Sheriff's Deputies returned to his home with a search warrant to search for narcotics on May 2, 2025. Plaintiff claims

none were found but admits a firearm was found in his home. Plaintiff states he learned his neighbor was under investigation for narcotics and Plaintiff's property was included in the raid due to the proximity of Plaintiff's land to his neighbor's land.

DISCUSSION AND ANALYSIS

1.    <u>Legal Standard</u>

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### 2.   Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

### 3.   Statute of Limitations

The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas,

4

that is two years from the date the cause of action accrues.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).

Federal law determines when a § 1983 cause of action accrues.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).  A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The applicable limitations period may be equitably tolled in appropriate circumstances.  *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control."  *Id.*  "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court.  The federal court may disregard the state tolling rule only if it is inconsistent with federal policy."  *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).  Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable.  *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).  However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available.  *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").  Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights.  *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Plaintiff has not shown that he has diligently pursued his claims or that extraordinary circumstances warrant equitable tolling.

Plaintiff also has not pleaded sufficient facts showing that he is entitled to equitable tolling of the limitations period because of a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN.

§ 16.001(a) (West 2018) ("[A] person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). While the Texas Civil Practice and Remedies Code does not define "unsound mind," the term has generally "been interpreted to mean that such a person is unable to manage his affairs or to understand his legal rights or liabilities." *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987) (quoting *Allen v. Powell's Int'l, Inc.*, 518 P.2d 588, 589 (1974)); *see also Althouse v. City of Dall. Police Dep't*, No. 3:02–CV–0193–P, 2003 WL 22227873, at *3 (N.D. Tex. Sept. 25, 2003) ("Although the Texas Civil Practice and Remedies Code does not define 'unsound mind,' the Texas courts have relied on Tex. Prob. Code Ann. § 3(y) which defined persons of unsound mind as 'persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs.'"). To prevail on an unsound mind tolling theory, a plaintiff must "produce either (1) specific evidence that would enable the court to find that he 'did not have the mental capacity to pursue litigation' or (2) a fact-based expert opinion to that effect." *Orlando v. Sakaguchi*, Civil Action No. 4:14–CV–951–0, 2015 WL 1292955, at *3 (N.D. Tex. Mar. 23, 2015) (quoting *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Under Texas law, "a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued." *Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b), (d)).

Plaintiff's vague contention that he suffered psychological problems as a result of his injuries is conclusory and insufficient to support a finding that he suffered a "legal disability" that rendered him unable to manage his legal affairs. *See, e.g., Helton v. Clements,* 832 F.2d 332, 336 (5th Cir.

1987) (holding that "facts alleged by [plaintiff] do not show that his psychological depression rendered him unable to manage his affairs or comprehend his legal rights, only that it distracted him from pursuing his cause of action"); *Orlando*, 2015 WL 1292955, at *4 (dismissing plaintiff's claim as time-barred where his "brief statement that he suffered from psychological depression that rendered him unable to understand his legal rights is not sufficient to support a finding that he was suffering from a 'legal disability'" and therefore entitled to tolling); *Nelson*, 898 F. Supp. at 411 (explaining that even accepting as true plaintiff's "statement that he was under the care of mental health professionals and received drug therapy" at the time his claim accrued, such "factors d[id] not establish that he was a person of 'unsound mind' consonant with the Texas state courts' interpretation of this term"). Moreover, Plaintiff does not allege he was under a disability at the time his action accrued.

In sum, Plaintiff has not pleaded facts demonstrating that he is entitled to equitable tolling, and his claims are therefore barred by the statute of limitations. *See Orlando*, 2015 WL 1292955, at *4 (citing Nelson, 898 F. Supp. at 410–11) ("When considering allegations of 'unsound mind' under Tex Civ. Prac. & Rem. Code Ann. § 16.001, this Court may deem such allegations to be frivolous under the screening provisions of § 1915."). Accordingly, the Court dismisses Plaintiff's complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that when the allegations in the pleadings "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (explaining that a court may summarily dismiss a prisoner complaint if it is "clear" that the claims asserted are barred by the statute of limitations). Alternatively, as discussed below, Plaintiff fails to state a valid constitutional violation.

4.    Failure to Investigate

Plaintiff complains law enforcement failed to investigate his attack and pursue those who attacked him.  However, Plaintiff admits law enforcement attempted to investigate but Plaintiff refused to cooperate.  Notwithstanding Plaintiff's inconsistent statements, his claims are without merit.

Courts across the country have refused to hear claims challenging the decision not to investigate or prosecute another person. *See, e.g., United States v. Grundhoefer*, 916 F.2d 788, 792 (2nd Cir. 1990) ("[A] private citizen generally lacks standing 'to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting claim that crime victims have "an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (affirming dismissal of a prison inmate's claim against the sheriff for failing to press criminal charges against correctional officers involved in an alleged assault because the plaintiff "does not have a constitutional right to have someone criminally prosecuted"); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) ("federal courts have maintained the distinction in standing between those prosecuted by the state and those who would urge the prosecution of others"); *Sargeant v. Dixon*, 130 F.3d 1067, 1069–70 (D.C. Cir. 1997) (if a person has "an interest in 'being heard' by the grand jury," it is "only because" he has an "interest in seeing certain persons prosecuted"—which is "not legally cognizable within

the framework of Article III" under *Linda R.S.*).  As Plaintiff has not alleged a constitutional

violation, this claim is dismissed.

     5.      <u>Failure to Render Aid</u>

     The Fourteenth Amendment's Due Process Clause protects an individual's life, liberty, and

property from government action.  *Deshaney v. Winnebago Cnty. Dep't Soc. Servs.*, 489 U.S. 189,

196 (1989) (holding that the "Due Process Clauses generally confer no affirmative right to

governmental aid, even where such aid may be necessary to secure life, liberty, or property interests

of which the government itself may not deprive the individual") (collecting cases).  "[N]othing in

the language of the Due Process Clause itself requires the State to protect the life, liberty, and

property of its citizens against invasion by private actors."  *Id.* at 195.

     Plaintiff does not claim the defendants were responsible for his attack.  He only claims the

first responding officer failed to provide medical aid and instead initiated a search of the house upon

the officer's discovery of Plaintiff's tied up and bleeding body. Plaintiff fails to allege any special

relationship existed between him and the responding officers which would create an affirmative

obligation to protect Plaintiff from private harm.  As such, Plaintiff fails to allege a constitutional

violation.

     6.      <u>Return of Property</u>

     Plaintiff seeks the return of his property seized from his home in February 2023.  Plaintiff

fails to identify what property was seized but admits it was seized pursuant to a search warrant.   He

alleges the property was seized to try to build a charge against him.  Plaintiff fails to allege what

steps he has taken to seek the return of his property or that the defendants he sues have the authority

to return the property.  Plaintiff further fails to allege that absent federal intervention he will suffer

an irreparable injury or that he does not have an adequate remedy in state court. He has done nothing more than assert in a conclusory fashion that his property has not been returned.

CONCLUSION

Plaintiff filed his complaint after the expiration of the limitations period and is not entitled to equitable tolling. Alternatively, Plaintiff fails to state a claim upon which relief can be granted.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as time barred. Alternatively, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on October 9, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE